15000

CHARLTON v. STRANGE *ET AL.*

(6 S. E. (2d), 752)

February, 1939.

*Mr. Paul M. Macmillan,* for appellant,

*Messrs. M. L. McCrae, J. C. Long* and *Arthur Rittenberg,* for respondent,

January 11, 1940.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This is an action for damages for personal injuries to the respondent as a result of a collision between two automobiles on March 23, 1937, about eight or ten miles from the City of Charleston on U. S. Highway No. 17, leading from Charleston to Savannah. Respondent's automobile was being driven by a young Negro, John Smith, and appellant's automobile was being driven by him.

The trial of the case resulted in a verdict in favor of respondent for $2,000.00 actual damages. The only question made by the appeal is the failure of the trial Judge to direct a verdict for the appellant upon the ground that the collision was the result of negligence, contributory negligence, and gross contributory negligence of the respondent and her agent, the driver of the automobile.

The complaint alleges many acts of negligence on the part of the appellant, including the following: (1) In driving and operating his automobile at a high and dangerous rate of speed, greater than was reasonable and proper under the conditions obtaining at point of accident in violation of laws of the State of South Carolina; (2) in failing to keep proper lookout and observe traffic signs and warnings indicating the middle of pavement; and (3) in driving and operating the automobile without controlling or being able to control it to the left of the middle of the highway and across said highway into the lane of travel provided for vehicles going in the opposite direction.

The answer contains a general denial and the plea of negligence, willfulness, wantonness and recklessness on the part of respondent's agent in the manner in which he operated the automobile at the time and place of the accident, contributing to the inury to the respondent as a proximate cause thereof.

The respondent's testimony, viewed most favorably to her, as the trial Judge upon the motion for directed verdict was required to do, and as this Court is like-

wise required to do, establishes the following facts: Respondent's automobile, driven by John Smith, her son-in-law, was occupied by the respondent and several others, who were on their way from Walterboro to Magnolia Gardens in this State. United States Highway No. 17, on which they were traveling, runs approximately east and west at the intersection of what is known as the John's Island Road, near which intersection the accident occurred. The driver pulled off of the highway and stopped in front of a filling station at the southeast corner of said intersection to inquire the way to Magnolia Gardens, and then, preliminary to turning around and going across to a filling station on the north side of said highway on the west side of the intersection, backed the automobile on the highway to a point about two feet on the concrete where the appellant's car, which was being driven at a high rate of speed, zigzagging across the road, ran into the respondent's automobile on the left side of the center of the highway from the direction in which appellant's car was approaching, knocking respondent's automobile off of the highway. Appellant's car then ran over to the north side of the highway, struck another automobile parked about ten feet from the highway, causing it to run over two women standing by the front end of the bumper of the parked car. According to the respondent's testimony, her automobile in no way obstructed the right side of the highway from the direction in which appellant was coming, and the accident would not have occurred if appellant had kept to that side of the road. Respondent received severe injuries as a result of the collision.

It follows from this statement of the testimony on behalf of respondent that more than one reasonable inference could be drawn therefrom as to whether respondent's agent was guilty of any negligence, and certainly it could not be said as a matter of law that he was guilty of negligence or gross contributory negligence. The case was, therefore, properly submitted to the jury.

In *Robison v. Atlantic Coast Line R. Co.,* 179 S. C., 493, 501, 184 S. E., 96, 99, Mr. Justice Fishburne, writing the prevailing opinion of the Court, very aptly stated: "It is not possible to lay down any definite rule by which to determine whether the question of contributory negligence is to be found, under the evidence, as a conclusion of law, or should be submitted to the jury as a question of fact. The determination of the question must necessarily be controlled by the facts and circumstances of the particular case. The Court will not decide it as one of law if the testimony be conflicting, or if the conclusion to be drawn therefrom is doubtful and uncertain. This we have decided time and again. For under such circumstances the question clearly falls within the province of the jury."

There are no exceptions to the Judge's charge, and appellant's exceptions must be overruled.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. CHIEF JUSTICE STABLER did not participate in the decision of this case.